Dear Mr. Gauthier:
You advise this office that the City of Breaux Bridge is governed by the provisions of the Lawrason Act, La.R.S. 33:321, etseq. You ask this office if the Louisiana Dual Officeholding and Dual Employment Law, La.R.S. 42:61, et seq., prohibits a full-time deputy working for the Iberia Parish Sheriffs Office from at the same time holding elective office as a member of the City of Breaux Bridge's Board of Aldermen. For the following reasons expressed below, it is the opinion of this office that the dual officeholding provisions prohibit a full-time deputy sheriff from also serving as a city alderman.
We first point out that this office has previously opined that a full-time deputy sheriff may run for elective office without taking a leave of absence or resigning his position "provided he fulfills his job duties and does not use official time for election activities." See La. Atty. Gen. Ops. 03-0202 and 02-0292.
However, once a person holds two positions of public office, the dual officeholding provisions become relevant, and an analysis of that law requires a determination of the types of positions held. The position of deputy sheriff is considered an appointiveoffice because it is an "office in any branch of government . . . which is specifically established or specifically authorized by the . . . laws of this state . . . and which is filled by appointment . . . by an elected. . . . public official."[1] The position of deputy sheriff is specifically authorized by law under La.R.S. 33:1433[2], and is appointed by the sheriff, an elected public official.[3] An alderman holds elective office as defined by La.R.S. 42:62(1).[4] *Page 2 
Here, the Iberia Parish deputy sheriff works on a full-time basis, and is considered to hold full-time appointive office for purposes of a dual officeholding analysis. La.R.S. 42:63(D)[5]
prohibits one from holding elective office and at the same time holding full-time appointive office. Accordingly, it is the opinion of this office that application of La.R.S. 42:63(D) to these facts prohibits a full-time deputy sheriff from at the same time serving as a member of the City of Breaux Bridge Board of Aldermen.
However, La.R.S. 42:63(D) does not prohibit one from holding elective office and at the same time holding part-time appointiveoffice. The terms full-time and part-time are defined by La.R.S. 42:62(4) and (5) as follows:
 (4) Full-time means the period of time which a person normally works or is expected to work in an appointive office or employment and which is at least seven hours per day of work and at least thirty-five hours per week of work.
 (5) Part-time means the period of time which a person normally works or is expected to work in an appointive office.
If a deputy sheriff changes his work hours from full-time to part-time, the prohibition of La.R.S. 42:63(D) would no longer apply and would not prevent him from also serving as elected alderman. Because a deputy sheriff serves at the pleasure of the sheriff, the Sheriff of Iberia Parish has the authority to determine the terms and conditions of the work performed by his appointed deputies within the framework of the applicable laws.
We also point out that La.R.S. 42:66(L)(1) is an exemption to La.R.S. 42:63(D), and permits a full-time deputy sheriff to hold the elective office of alderman in a municipality which has a population of two thousand five hundred or less, according to the latest federal decennial census. However, this exemption is inapplicable here. The City of Breaux Bridge has a population of 8, 139 residents according to the United States Census for 2010, which is over the maximum of 2, 500 required for the exemption to apply.[6] *Page 3 
In summary, it is the opinion of this office that a full-time deputy sheriff working for the Iberia Parish Sheriff's Office is prohibited from concurrently serving as an alderman for the City of Breaux Bridge.
We hope the foregoing is helpful to you. Should you have other questions with which we may provide assistance, please contact this office.
 Very truly yours, JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
 BY:_______________ KERRY L. KILPATRTCK ASSISTANT ATTORNEY GENERAL
 KLK:arg
[1] La.R.S. 42:62(2).
[2] La.R.S. 33:1433(A)(1) states:
(A)(1) The sheriff of each parish and the civil and criminal sheriffs of the parish of Orleans may appoint as many deputies as necessary, but no more than authorized by law.
(2) In all parishes except the parish of Orleans, the deputies shall, before entering on their duties, take an oath of office. The appointment and oath must be entered on the records of the court.
[3] La.Const. Art. V § 7.
[4] La.R.S. 42:62(1) provides:
(1) Elective office means any position which is established or authorized by the constitution or laws of this state or by the charter or ordinances of any political subdivision thereof, which is not a political party office, and which is filled by vote of the citizens of this state or of a political subdivision thereof.
[5] La.R.S. 42:63(D) provides that "no person holding an elective office in a political subdivision of the state shall at the same time hold another . . . full-time appointive office . . ."
[6] See http://www.census.gov/.